IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FERNANDO RODRIGUEZ**                                                                **PETITIONER**

**VS.**                     **CASE NO. 5:11CV00032 JMM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                  **RESPONDENT**

**ORDER**

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Fernando Rodriguez, an inmate in the custody of the Arkansas Department of Correction (ADC). In 2006, a Benton County jury found Rodriguez guilty of first-degree murder. Mr. Rodriguez was sentenced to life imprisonment in the ADC. A direct appeal[1] to the Arkansas Supreme Court was unsuccessful. *Rodriguez v. State*, 372 Ark. 335 (2008). Mr. Rodriguez subsequently sought postconviction relief pursuant to Ark. Rule Crim. Pro. 37, alleging ineffective assistance of counsel due to the trial attorney's failure to object to the testimony of witnesses who allegedly falsely testified because they were threatened with deportation. In support of this claim, he submitted the affidavits of three witnesses stating that they were threatened with deportation unless they testified favorably for the prosecution. The trial court denied relief without a hearing, and the Arkansas Supreme Court affirmed this decision on appeal. *Rodriguez v. State*, 2010 WL 569750 (Ark., Feb. 18, 2010).

In this petition, Mr. Rodriguez raises three claims for relief:

---

[1] On appeal, Rodriguez claimed the trial court erred in admitting the out-of-court statement of a witness as an excited utterance. He also claimed that the admission of the statement resulted in a violation of his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution. The Arkansas Supreme Court found that the trial court erred in admitting the statement as an excited utterance. However, the Arkansas Supreme Court further found the error was harmless as the statement was "merely cumulative." 372 Ark. at 339. Mr. Rodriguez also claimed on appeal that the trial court should have granted his motion to continue the trial so that he could obtain a jury of his peers.

1. He received ineffective assistance of counsel (a) when his trial attorney failed to investigate and object to the testimony of witnesses who were threatened with deportation, and (b) when his attorney failed to challenge the sufficiency of the evidence;

2. The circuit court violated the petitioner's right to due process when it refused to allow him to amend his Rule 37 petition and refused to hold a hearing on the Rule 37 petition; and

3. His conviction was based upon the knowingly false testimony procured by duress and coercion.

The respondent contends that grounds 1(b), 2 and 3 are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one

extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

The Court must acknowledge that we are giving serious consideration to dismissing grounds 1(b), 2, and 3 because of the apparent procedural default. Before making a final determination, though, we will give Mr. Rodriguez an opportunity to explain why these grounds should not be dismissed.

Petitioner is granted until, and including, May 19, 2011, to submit a pleading in which he explains why these grounds are not procedurally barred. Final consideration of this petition will be postponed pending the receipt of that pleading.

IT IS SO ORDERED this __19__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE