**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**FERNANDO RODRIGUEZ**                                                      **PETITIONER**

**VS.**                          **CASE NO. 5:11CV00032 JMM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Fernando Rodriguez, an inmate in the custody of the Arkansas Department of Correction (ADC). In 2006, a Benton County jury found Rodriguez guilty of first-degree murder. Mr. Rodriguez was sentenced to life imprisonment in the ADC. A direct appeal[1] to the Arkansas Supreme Court was unsuccessful. *Rodriguez v. State*, 372 Ark. 335 (2008). Mr. Rodriguez subsequently sought postconviction relief pursuant to Ark. Rule Crim. Pro. 37, alleging ineffective assistance of counsel due to the trial attorney's failure to object to the testimony of witnesses who allegedly falsely testified because they were threatened with deportation. In support of this claim, he submitted the affidavits of three witnesses stating that they were threatened with deportation unless they testified favorably for the prosecution. The trial court denied relief without a hearing, and the Arkansas Supreme Court affirmed this decision on appeal. *Rodriguez v. State*, 2010 WL 569750 (Ark., Feb. 18, 2010).

In this petition, Mr. Rodriguez raises three claims for relief:

---

[1]On appeal, Rodriguez claimed the trial court erred in admitting the out-of-court statement of a witness as an excited utterance. He also claimed that the admission of the statement resulted in a violation of his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution. The Arkansas Supreme Court found that the trial court erred in admitting the statement as an excited utterance. However, the Arkansas Supreme Court further found the error was harmless as the statement was "merely cumulative." 372 Ark. at 339. Mr. Rodriguez also claimed on appeal that the trial court should have granted his motion to continue the trial so that he could obtain a jury of his peers.

1.       He received ineffective assistance of counsel (a) when his trial attorney failed to investigate and object to the testimony of witnesses who were threatened with deportation, and (b) when his attorney failed to challenge the sufficiency of the evidence;

2.       The circuit court violated the petitioner's right to due process when it refused to allow him to amend his Rule 37 petition and refused to hold a hearing on the Rule 37 petition; and

3.       His conviction was based upon the knowingly false testimony procured by duress and coercion.

The respondent contends that grounds 1(b), 2 and 3 are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  By earlier Order of this Court, the petitioner was notified of his opportunity to explain why these grounds are not procedurally barred, and he has submitted a responsive pleading.  In many instances, we would proceed to analyze whether these grounds are procedurally barred.  However, an alternative approach is to bypass the procedural default analysis and address the merits of the claims.  In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine.  Recent commentary points up the problems with the cause and prejudice standard:
>
> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . .  In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). We consider the claims in the order in which they are advanced.

 Mr. Rodriguez first alleges that he received ineffective assistance of counsel when his trial attorney failed to investigate and object to the testimony of witnesses who were threatened with deportation.  Specifically, the petitioner offers affidavits from three witnesses to support this claim. The petitioner raised this claim, or a claim very similar to this, in state court.  The trial court denied

relief, and the Arkansas Supreme Court affirmed that decision[2]. When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted). In this instance, the state courts examined the petitioner's claim of ineffective assistance of counsel and found there was no prejudice attributable to the alleged behavior of trial counsel. This was an application of the governing law as expressed in *Strickland v. Washington*, 466 U.S. 668 (1984). Having correctly identified the governing legal rule, we find the Arkansas courts reasonably applied the rule. We have carefully reviewed the trial transcript and find abundant support for the finding that the alleged errors of trial counsel would not have changed the outcome of the trial. The three witnesses who submitted affidavits were Adolfo Rodriguez, Rosa Rodriguez, and Linda Belen Rodriguez. Adolfo testified as part of the state's case, Rosa testified for the defense, and Linda Belen did not testify, although her statement was erroneously admitted into evidence as part of the state's presentation. Even

---

[2]The Arkansas Supreme Court cited *State v. Barrett*, 371 Ark. 91 (2007), to emphasize that actual prejudice must be shown to establish ineffective assistance of counsel. The *Barrett* case applied the principles of *Strickland v. Washington*, 466 U.S. 668 (1984), the leading United States Supreme Court case on the subject of ineffective assistance of counsel.

assuming that these witnesses would have changed their testimony and stated that they were threatened with deportation, the evidence of Mr. Rodriguez' guilt remains overwhelming.  The testimony of witnesses for both the prosecution and defense portrays a fight between the petitioner and his brother-in-law, Gavino.  Even if no witnesses saw a knife, there was no dispute that Gavino was brutally stabbed five times and bled to death as a result.  The petitioner wrote letters, introduced at trial, implicating himself[3].  He also told a cellmate, Bradley Faught, that he stabbed Gavino and Faught saw no signs of remorse in the petitioner's admission.  (Tr. 733, 736).  Finally, Fernando testified at trial.  He described getting into the altercation with Gavino and admitted that he "felt something in my hand" at some point in the fight.  (Tr. 873).  The following exchange occurred on cross examination:

> Q: (by prosecuting attorney)     Did I understand your testimony sitting there today when you were questioned by your attorney to say that this was an accident?
>
> A.    I say "like an accident."  It hurts to – well, I didn't mean to say like it was an accident, something like that, it's just I don't want to say it was a fight and it was hurt in there.  I don't want to say those kind of words.  I just want to state the word.
>
> Q:    Accident?
>
> A:    Accident.
>
> Q:    Because you didn't want to say it was a murder?
>
> A:    Right.
>
> Q:    Okay.  And isn't it true to you this is really no big deal?
>
> A:     Well, I'm already in custody and I am like, you know, I've got to pay my consequences, so it's just not a – what do you mean specifically?
>
> Q:    Let's follow up on that.
>
> A:    Okay.
>
> Q:    You have to pay your consequences because you know you did wrong; isn't that right?
>
> A:    Well, to me I was the only one fighting with him - - obviously, it was me the

---

[3]In one letter, Mr. Rodriguez wrote "Tell Gavino's family I'm sorry. . . It's my fault. . . I turn into a killer of a person."  (Tr. 724).

one that did it.

Q:   Um-hmm.

A:   Of course - -

Q:   Obviously, it was you that stabbed him those five times; isn't that right?

A:   Well, yes.  Yes, ma'am.

(Tr. 901-902).

In summary, the pertinent case law requires the petitioner to prove that (1) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 688 (1983); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir. 1985).  The petitioner fails to show that this governing rule of law was unreasonably applied to the facts of his case.  Clearly, the evidence of the petitioner's guilt was overwhelming, even excluding the testimony and/or statements of the three witnesses that have now executed affidavits.  There is no merit to the first claim of ineffective assistance of counsel.

The second claim of Mr. Rodriguez is that his trial counsel was ineffective when he failed to challenge the sufficiency of the evidence.  For reasons already stated, this claim fails.  A claim of ineffective assistance cannot be established unless the petitioner proves both of the prongs from *Strickland*.  As previously noted, even assuming the first prong is proved, the petitioner falls far short of showing any prejudice when the record is examined and the proof of guilt is considered.  The result of the trial would not have changed even if his attorney had challenged the sufficiency of the evidence.  The second claim of ineffective assistance is without merit.

Mr. Rodriguez next argues the circuit court violated the petitioner's right to due process when it refused to allow him to amend his Rule 37 petition and refused to hold a hearing on the Rule 37 petition.

In order to establish a denial of due process, the petitioner must prove that the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States ex rel.*

6

*Cannon v. Maroney*, 373 F.2d 908, 9l0 (3rd Cir. l967), or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process. *Lisenba v. California*, 3l4 U.S. 2l9 (l94l). In making this determination, the courts must review the totality of the facts in the case pending before them and analyze the fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. l976). Reviewing the totality of the circumstances, it is clear that the state court's refusal to allow Mr. Rodriguez to amend his Rule 37 petition and refusal to hold a Rule 37 hearing was not conspicuously prejudicial. As with his claims of ineffective assistance of counsel, no prejudice accrued to Mr. Rodriguez in the Rule 37 process, as there is no reasonable probability that the outcome of the Rule 37 proceeding would have changed. Having reviewed the trial transcript, it is fair to say that Rodriguez' trial attorney was faced with a tremendous challenge. Numerous witnesses, including his client's own family, consistently described a fight between Rodriguez and Gavino resulting in Gavino's death. No witnesses, including Rodriguez himself, offered an alternative theory for Gavino's death. The speculation at trial concerning who may have actually seen the knife was not a pivotal issue. As Rodriguez himself stated, he was the only person fighting with Gavino. Rodriguez' letters and his conversation with his cellmate admitting to the murder left counsel with few alternatives. The transcript shows petitioner's counsel vigorously cross examining witnesses and attempting to show reasonable doubt. However, the guilty verdict was based on the insurmountable facts of the case. Had the petitioner's attorney made different strategical choices, the verdict would not have changed. As a result, any rulings made during the Rule 37 proceedings did not prejudice Mr. Rodriguez, and there is no merit to his claim of a due process violation.

The final allegation of Mr. Rodriguez is that his conviction was based upon the knowingly false testimony procured by duress and coercion. He is referring to the testimony of Adolfo Rodriguez, Rosa Rodriguez, and the statement of Linda Belen Rodriguez, the three witnesses who submitted affidavits indicating they were threatened with deportation if they did not testify as desired by the state. Although Mr. Rodriguez describes their testimony and/or statements as forming "the very crux of the state's case," we disagree with this vision of the case. Docket entry no. 1, page

11.  Instead, the record shows the verdict was supported by the testimony of numerous witnesses, including the petitioner.  The verdict did not hinge on these three individuals.  As noted in detail earlier in this Order, the evidence is ample to support the verdict even if the Court were to discredit the testimony of these witnesses.  There is no merit to the third and final claim of Mr. Rodriguez.

In summary, we find no merit to the claims of Mr. Rodriguez. Therefore, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

IT IS SO ORDERED this ___31___ day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE